# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JAMES D. HARMON,

                Plaintiff,

    v.

SUPERINTENDENT SARAH ANGOL, DISCIPLINARY HEARING OFFICER TOBIAS, and CORRECTIONAL OFFICER COEVILLE,

                Defendants.

Case No. 3:25-cv-00105-SLG

## **SCREENING ORDER**

On May 30, 2025, self-represented prisoner James D. Harmon ("Plaintiff") filed a civil complaint and an application to waive prepayment of the filing fee.[1] Plaintiff's claims relate to events that allegedly occurred while he was serving a sentence at the Goose Creek Correctional Center in the custody of the Alaska Department of Corrections ("DOC").[2] Plaintiff claims Superintendent Sarah Angol, Disciplinary Hearing Officer ("DHO") Tobias, and Correctional Officer ("CO") Coeville retaliated against him after he filed for federal habeas relief.[3]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's

---

[1] Dockets 1-2.

[2] Docket 1 at 6.

[3] Docket 1 at 1-5.

Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint that attempts to correct the deficiencies identified in this order. Alternatively, Plaintiff may file a notice of voluntary dismissal in which he elects to close this case.

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice[4] of the Courtview records of the Alaska Trial Courts[5] and the previous cases Plaintiff has filed in federal court.[6]

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[7] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

---

[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[5] Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[6] The Court's online docket records may be accessed by the public online at pacer.uscourts.gov or without a PACER login and password at the Clerk's Office during regular business hours.

[7] 28 U.S.C. §§ 1915, 1915A.

Case No. 3:25-cv-00105-SLG, *Harmon v. Angol, et al.*
Screening Order
Page 2 of 18
Case 3:25-cv-00105-SLG    Document 4    Filed 10/23/25    Page 2 of 18

(iii) seeks monetary relief against a defendant who is immune from such relief.[8]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[9] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[10] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[11] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[12]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[13] Futility exists when

---

[8] 28 U.S.C. § 1915(e)(2)(B).

[9] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[10] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[11] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[12] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[13] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

Case No. 3:25-cv-00105-SLG, *Harmon v. Angol, et al.*
Screening Order
Page 3 of 18
Case 3:25-cv-00105-SLG   Document 4   Filed 10/23/25   Page 3 of 18

"the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[14]

## DISCUSSION

### I. This action is deficient because Plaintiff did not include a statement from his prison trust account for the past six months

To properly commence a civil action, a litigant must file a complaint, a civil cover sheet, and either pay the filing fee of $405.00, or file a completed application to waive prepayment of the filing fee.[15] Prisoner litigants requesting to waive prepayment of the filing fee must include a statement from their prison trust account for the past six months.[16] Federal law only allows prisoners to waive *prepayment* of the fees associated with civil lawsuits.[17] Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[18] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order on the collection of the filing fee from Plaintiff's prison trust account.

### II. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the

---

[14] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[15] Local Civil Rule 3.1.

[16] Local Civil Rule 3.1(c)(3).

[17] 28 U.S.C. § 1915(a)-(b).

[18] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 3:25-cv-00105-SLG, *Harmon v. Angol, et al.*
Screening Order
Page 4 of 18
Case 3:25-cv-00105-SLG    Document 4    Filed 10/23/25    Page 4 of 18

[complainant] is entitled to relief[.]"[19] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[20] Although a federal court must construe complaints filed by self-represented plaintiffs filings liberally, a court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim.[21] Additionally, it is not a court's responsibility to review filings or exhibits to identify possible claims.[22] A plaintiff must identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury.

### III. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[23] To act under color of state law, a complaint must allege that the

---

[19] Fed. R. Civ. P. 8(a)(2).

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[21] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[22] *Keenan v. Allan,* 91 F.3d 1275, 1279 (9th Cir. 1996) (noting that it is not a district court's task "to scour the record" for support for the parties' arguments). *Cf. Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1031 (9th Cir. 2001) (concluding that evidence supporting a party's filing should be "set forth in the ... papers with adequate references so that it could conveniently be found").

[23] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

Case No. 3:25-cv-00105-SLG, *Harmon v. Angol, et al.*
Screening Order
Page 5 of 18
Case 3:25-cv-00105-SLG    Document 4    Filed 10/23/25    Page 5 of 18

defendant acted with state authority as a state actor.[24] To be deprived of a right, the defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[25] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[26]

A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[27] A supervisor can be held liable in his or her individual capacity under §1983 only if (1) the supervisor personally participated in the constitutional violation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[28]

A review of the federal court's docket indicates that Plaintiff filed a Petition for a Writ of Habeas Corpus in federal court on September 8, 2023.[29] The Court

---

[24] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[25] *Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002). *See also* Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[26] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[27] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[28] *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotation omitted).

[29] *Harmon v. State of Alaska,* Case No. 1:23-cv-00009-SLG-KFR, Docket 1.

Case No. 3:25-cv-00105-SLG, *Harmon v. Angol, et al.*
Screening Order
Page 6 of 18
Case 3:25-cv-00105-SLG    Document 4    Filed 10/23/25    Page 6 of 18

denied Plaintiff's Petition and closed the case on March 12, 2025.[30] The Ninth Circuit Court of Appeals denied Plaintiff's request for a certificate of appealability on May 9, 2025.[31]

Plaintiff's Complaint summarily alleges that after he filed his Habeas Petition, he was "thrown in the hole" five times within one year, "written up" for defending himself, and subjected to 40 days of punitive segregation.[32] Plaintiff does not provide specific dates, but alleges that the events giving rise to his claims occurred in December 2023 and March 2024.[33] The Complaint provides no facts giving rise to his claims against Correctional Officer Coeville or Disciplinary Hearing Officer Tobias. Similarly, aside from Superintendent Angol's supervisory position at Goose Creek and as the State Respondent in his habeas case,[34] Plaintiff provides no information regarding the basis of his claim against her.

Therefore, the Complaint must be DISMISSED for failure to state a claim.[35] Plaintiff is granted leave to file an amended complaint that gives each defendant

---

[30] *Id.,* Docket 30 (Magistrate Judge's Report and Recommendation); Docket 31 (Order of Dismissal); Docket 32 (Final Judgment).

[31] *Id.,* Docket 36.

[32] Docket 1 at 5.

[33] Docket 1 at 4-5.

[34] The proper respondent in a proceeding governed by Section 2254 is the custodian of the facility where the petitioner is held, such as the superintendent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[35] *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants.").

Case No. 3:25-cv-00105-SLG, *Harmon v. Angol, et al.*
Screening Order
Page 7 of 18
Case 3:25-cv-00105-SLG    Document 4    Filed 10/23/25    Page 7 of 18

fair notice of what Plaintiff's claim is against that specific defendant.[36] Specifically, an amended complaint must describe the specific action(s) each defendant took, when that action was taken, and how that action resulted in injury or harm to Plaintiff. Further, absent plausible facts demonstrating Superintendent Angol's connection to or involvement in his disciplinary proceedings or other decisions regarding his segregation, Plaintiff should not bring claims against Superintendent Angol in an amended complaint.

### A. Plaintiff requests improper relief

For relief in this case, Plaintiff states only that he "want[s] Sarah Angol removed from her position."[37]

The PLRA imposes strict limitations on the scope of remedies available in cases involving prison conditions. Specifically, injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of a federal right, and be the least intrusive means necessary to correct the violation.[38] Remedies involving personnel actions, such as hiring or firing, are generally outside the scope of judicial authority in prison condition cases.[39] Additionally, a prisoner's transfer to a different state prison moots his claims for injunctive relief, absent certain

---

[36] *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512 (2002).

[37] Docket 1 at 5.

[38] 18 U.S.C. § 3626.

[39] *Cf. Armstrong v. Newsom,* 58 F.4th 1283 (2023) (approving trial court's ordering of remedial measures such as additional staff training but vacating the district court's order requiring increases in supervising staff at five prisons).

Case No. 3:25-cv-00105-SLG, *Harmon v. Angol, et al.*
Screening Order
Page 8 of 18
Case 3:25-cv-00105-SLG   Document 4   Filed 10/23/25   Page 8 of 18

exceptions.[40]

Here, Plaintiff's sole request for relief in this case is that Superintendent Angol be removed from her position. The Court does not have the authority to grant such relief. Further, Plaintiff was transferred to the Spring Creek Correctional Center before he filed this case.[41] Plaintiff gives no indicate that he will be transferred back to Goose Creek and again subjected to the same conditions, particularly now that his habeas case has concluded.[42] Therefore, any amended complaint must not seek relief in the form of the removal of Superintendent Angol.

### B. Exhaustion of Administrative Remedies

Before a prisoner may bring a civil rights action under 42 U.S.C. § 1983, he must first exhaust all available administrative remedies.[43] A plaintiff need not affirmatively plead exhaustion; it is generally brought as an affirmative defense.[44] A defendant bears the initial burden to show that there was an available administrative remedy and that the prisoner did not exhaust his claims.[45] However, once that showing is made, the burden shifts to the prisoner, who must either

---

[40] *Dilley v. Gunn,* 64 F.3d 1365, 1368 (9th Cir. 1995). *See also Walker v. Beard,* 789 F.3d 1125, 1132 (9th Cir. 2015) (explaining when a prisoner's claims for injunctive relief relating to prison conditions are rendered moot by his transfer to another facility).

[41] Docket 1 at 1. The date of Plaintiff's transfer is unclear, but he did not file a notice of change of address in his previous habeas case.

[42] *Alvarez v. Hill,* 667 F.3d 1061, 1064 (9th Cir. 2012) (citation omitted); *Johnson v. Moore,* 948 F.2d 517, 519 (9th Cir. 1991); *Nelsen v. King County,* 895 F.2d 1248, 1251 (9th Cir. 1990).

[43] 42 U.S.C. § 1997e(a).

[44] *Albino v. Baca,* 747 F.3d 1162, 1169, 1172 (9th Cir. 2014).

[45] *Brown v. Valoff,* 422 F.3d 926, 936-37 (9th Cir. 2005).

Case No. 3:25-cv-00105-SLG, *Harmon v. Angol, et al.*
Screening Order
Page 9 of 18
Case 3:25-cv-00105-SLG    Document 4    Filed 10/23/25    Page 9 of 18

demonstrate that he, in fact, exhausted administrative remedies or that administrative remedies were not available.[46]

Plaintiff acknowledges that DOC has a grievance procedure but claims he has previously filed "numerous grievances and nothing ever comes of it."[47] Plaintiff states he has not exhausted his administrative remedies because he believes the "grievance procedure is a joke[.]"[48] But Plaintiff's dissatisfaction with DOC's grievance procedure is insufficient to demonstrate that administrative remedies were unavailable to him. While Plaintiff is granted leave to file an amended complaint in this case, he must not file any unexhausted claims unless he can "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."[49]

### C. Retaliation Claims

A prisoner may bring allegations of retaliation against his right to access the courts under the First Amendment. To prevail on a retaliation claim, a prisoner must plead sufficient facts, that if accepted as true, support each of the following elements:

---

[46] *Albino,* 747 F.3d at 1172.

[47] Docket 1 at 7.

[48] Docket 1 at 7-8.

[49] *Albino,* 747 F.3d at 1172.

Case No. 3:25-cv-00105-SLG, *Harmon v. Angol, et al.*
Screening Order
Page 10 of 18
Case 3:25-cv-00105-SLG    Document 4    Filed 10/23/25    Page 10 of 18

> (1) the plaintiff was engaged in conduct protected under the First Amendment, such as filing a grievance or pursuing litigation;
>
> (2) the defendant took adverse action against the plaintiff;
>
> (3) the defendant took the adverse action against the plaintiff because of the plaintiff's protected conduct;
>
> (4) the adverse action taken by the defendant chilled the plaintiff's exercise of his First Amendment rights; and
>
> (5) the action taken by the defendant did not reasonably advance a legitimate correctional goal.[50]

The nature of a retaliation claim requires that it be "regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions."[51] Every act of discipline by prison officials is by definition "retaliatory" in the sense that it responds directly to prisoner misconduct.[52] "[M]ere speculation that defendants acted out of retaliation is not sufficient."[53]

Plaintiff has not alleged what adverse action each Defendant took, what facts support Plaintiff's belief that the adverse action of each Defendant was taken because of Plaintiff's filing of the Habeas Petition, and how the adverse action

---

[50] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.11A and the cases cited therein.

[51] *Canell v. Multnomah Cnty.,* 141 F. Supp. 2d 1046, 1059 (D. Or. 2001) (quoting *Adams v. Rice,* 40 F. 3d 72, 74 (4th Cir.1994)).

[52] *Id.*

[53] *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).

Case No. 3:25-cv-00105-SLG, *Harmon v. Angol, et al.*
Screening Order
Page 11 of 18
Case 3:25-cv-00105-SLG   Document 4   Filed 10/23/25   Page 11 of 18

taken by each Defendant chilled Plaintiff's access to the courts. For these reasons, the Complaint fails to state a plausible retaliation claim against any Defendant.

### D. Claims regarding Disciplinary Decisions

To the extent Plaintiff is seeking to allege he was disciplined by prison officials without due process, the Complaint also fails to state a claim. Prison officials may make changes to the conditions of confinement that are "within the normal limits or range of custody which the conviction has authorized the State to impose."[54] Due process protections only arise when prison officials impose "atypical and significant hardship on the inmate in relation to his ordinary incidents of prison life."[55] "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."[56] But "[w]hen prison officials limit a prisoner's right to defend himself they must have a legitimate penological interest."[57]

The Complaint fails to allege that the minimum procedural requirements were not met during any disciplinary proceedings or that Defendants otherwise violated any constitutionally protected right. Furthermore, Alaska Department of Corrections Policy and Procedure 809.04(III)(H) governs the process after a

---

[54] *Sandin v. Connor*, 515 U.S. 472, 478 (1995) (quoting *Meachum v. Fano*, 427 U.S. 215, 225 (1976)).

[55] *Sandin*, 515 U.S. at 483−84.

[56] *Wolff,* 418 U.S. at 556.

[57] *Koenig v. Vannelli*, 971 F.2d 422, 423 (9th Cir. 1992) (per curiam) (concluding that prisoners do not have a right to have an independent drug test performed at their own expense).

Case No. 3:25-cv-00105-SLG, *Harmon v. Angol, et al.*
Screening Order
Page 12 of 18
Case 3:25-cv-00105-SLG    Document 4    Filed 10/23/25    Page 12 of 18

prisoner appeals a disciplinary decision, which provides: "The Superintendent's decision, other than for major infractions, is final and the prisoner has 30 days in which to appeal the decision to the Superior Court." Accordingly, in the absence of any plausible federal constitutional violation, the only available judicial forum for Plaintiff to seek redress, if any, is not the federal court but the Alaska Superior Court.

## IV. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[58] A complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[59] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Although Plaintiff is being given an opportunity to file an amended complaint, he must not expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In

---

[58] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[59] Fed. Rule Civ. Proc. 8(a)(2).

Case No. 3:25-cv-00105-SLG, *Harmon v. Angol, et al.*
Screening Order
Page 13 of 18
Case 3:25-cv-00105-SLG    Document 4    Filed 10/23/25    Page 13 of 18

addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[60] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff files an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should the amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form within 60 days of the date of this order, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff for failure to state a claim. If this case is dismissed for failure to state a claim, it will count as a strike against Plaintiff. A Notice of Voluntary Dismissal does not count as a strike.[61]

---

[60] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

[61] *Spencer v. Barajas*, 140 F.4th 1061 (9th Cir. 2025).

Case No. 3:25-cv-00105-SLG, *Harmon v. Angol, et al.*
Screening Order
Page 14 of 18
Case 3:25-cv-00105-SLG    Document 4    Filed 10/23/25    Page 14 of 18

## V. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[62] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[63] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[64] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[65] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[66] In addition to being "imminent," the alleged danger must be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[67]

---

[62] 28 U.S.C.A. § 1915(g).

[63] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[64] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[65] *Andrews,* 493 F.3d at 1056 (cleaned up).

[66] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[67] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 3:25-cv-00105-SLG, *Harmon v. Angol, et al.*
Screening Order
Page 15 of 18
Case 3:25-cv-00105-SLG   Document 4   Filed 10/23/25   Page 15 of 18

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED** with leave to file an amended complaint.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

3. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form within 60 days of the date of this order, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff, for failure to state a claim.

4. A Notice of Voluntary Dismissal does not count as a strike.[68]

5. Plaintiff's application to waive prepayment of the filing fee at **Docket 2** is incomplete and is therefore **DENIED.**

6. Should Plaintiff elect to proceed with this case, he must either pay the filing fee of $405.00 or file a completed and signed prisoner application to waive payment of the filing fee **on or before the date the amended complaint is filed**.

---

[68] *Spencer v. Barajas,* 140 F.4th 1061 (9th Cir. 2025)

Case No. 3:25-cv-00105-SLG, *Harmon v. Angol, et al.*
Screening Order
Page 16 of 18
Case 3:25-cv-00105-SLG    Document 4    Filed 10/23/25    Page 16 of 18

The application **must include an attached statement from Plaintiff's prison trust account for the six months** preceding the date the amended complaint is filed.

7. Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[69] Should Plaintiff proceed with this lawsuit, the Court will issue a separate order for the collection of the filing fee directly from Plaintiff's prisoner trust account.

8. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[70] Failure to comply may result in dismissal of this action.

9. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[71] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

---

[69] 28 U.S.C. § 1915(b)(1)&(2).

[70] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[71] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure,

Case No. 3:25-cv-00105-SLG, *Harmon v. Angol, et al.*
Screening Order
Page 17 of 18
Case 3:25-cv-00105-SLG    Document 4    Filed 10/23/25    Page 17 of 18

10. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[72] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

11. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS10, Prisoner's application to waive prepayment of the filing fee; (3) form PS09, Notice of Voluntary Dismissal; and (4) form PS23, Notice of Change of Address.

DATED this 23rd day of October, 2025, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[72] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:25-cv-00105-SLG, *Harmon v. Angol, et al.*
Screening Order
Page 18 of 18
Case 3:25-cv-00105-SLG    Document 4    Filed 10/23/25    Page 18 of 18